# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WASHINGTON,<br>　　　Plaintiff | CIVIL NO. 3:10-CV-2080 |
| | (Judge Munley) |
| v. | |
| NORTHUMBERLAND COUNTY,<br>et al.,<br>　　　Defendants | |

## MEMORANDUM

Presently before the court is a complaint filed pursuant to 42 U.S.C. § 1983 by Robert Washington ("plaintiff"), a state inmate formerly incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, naming the following defendants: Northumberland County, Correctional Officers Haines, Davis, Goodwin, Henning, and Kepner, Sergeant Claudfelter, and Superintendent Piazza. (Doc. 1). He seeks to proceed in forma pauperis. (Doc. 2). For the reasons that follow, the motion to proceed in forma pauperis will be granted and the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Allegations of the Complaint**

Plaintiff alleges that all defendants falsified documents that resulted in a false arrest, false imprisonment, and intentional infliction of emotional distress and slander (Doc. 1, at 2.) He also alleges he was charged with aggravated harassment for spitting in defendant Goodwin's face, and on his arms, and legs and that the charges were eventually dismissed. (Id.) He seeks damages "sufficient to compensate and punitive damages for pain and mental

anguish suffered." (Id. at 3.)

II. **Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is

2

merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Grayson, 293 F.3d at 106.

In order to prevail on a §1983 claim, plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D.Pa. 2001). As concerns the individual defendants, plaintiff simply sets forth tort claims and fails to allege that defendants engaged in conduct that deprived him of a constitutional right. Consequently, the complaint will be dismissed without prejudice to plaintiff's right to pursue the tort claims in state court.

With respect to Northumberland County, to hold municipalities liable under § 1983, a plaintiff must identify either a "policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers," or "constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision making channels." Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978). Additionally, there must be a showing of causation. A plaintiff "must show that the municipal action was taken with the requisite degree of

culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of the Cnty. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404. Plaintiff fails to identify a Northumberland County policy, statement, ordinance, regulation, decision or custom that caused a deprivation of his constitutional rights. Hence, he fails to state a claim against this defendant.

### III. Leave to Amend

The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). However, leave to amend may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citing Massarsky v. General Motors 706 F2d 111, 125 (3d Cir. 1983)).

4

Because plaintiff only seeks damages for tort claims, allowing him to amend would be futile.

IV. Conclusion

Based on the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). An appropriate order follows

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October ␣, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WASHINGTON, : CIVIL NO. 3:10-CV-2080
    Plaintiff :
: (Judge Munley)
:
v. :
:
NORTHUMBERLAND COUNTY, :
et al., :
    Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 21st day of October 2010, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) without prejudice to plaintiff's right to pursue the matter in state court.

3. Plaintiff's motion for appointment of counsel (Doc. 4) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court